In the Matter of ROBERT L. SCHULZ et al., Appellants, v WARREN COUNTY BOARD OF SUPERVISORS et al., Respondents.

Third Department, April 2, 1992

APPEARANCES OF COUNSEL

*Robert L. Schulz,* appellant *pro se,* and for others, appellants.

*Thomas Lawson* for Warren County Board of Supervisors, respondent.

*Miller, Mannix & Pratt, P. C. (Jeffrey J. Friedland* and *Mark J. Schachner* of counsel), for Lake George-Warren County Convention Bureau Inc., respondent.

**OPINION OF THE COURT**

Per Curiam.

In January 1991 respondent Warren County Board of Supervisors (hereinafter the Board) adopted Resolution No. 73 which, *inter alia,* authorized its chair to enter into a contract with respondent Lake George-Warren County Convention Bureau Inc. (hereinafter the Convention Bureau), a not-for-profit corporation, to promote Warren County as a convention site. Pursuant to this authority, the Board entered into a one-year contract with the Convention Bureau for a "[m]arketing [p]rogram of [c]onvention [d]evelopment". The marketing program was to "be in three forms: 1. [m]arketing Warren County as a convention destination; 2. [i]nformation gathering to provide update upon which convention decisions can be reached; and 3. [s]ervic[ing] those conventions that come to Warren County". The Convention Bureau was to receive $120,000 annually for its services, paid out $30,000 quarterly. The contract term expired December 31, 1991.

Believing that the contract was improper, in June 1991 petitioner Robert L. Schulz sent a letter in his capacity as director of the Tri-County Taxpayers Association to the chair of the Board demanding, *inter alia,* that it be canceled. When the demand was not met, Schulz and four other taxpayers in Warren County commenced this litigation seeking, *inter alia,* to declare the contract null and void, enjoin all acts in furtherance of the contract and to obtain recovery of all moneys paid by Warren County under the contract. According

to petitioners, the contract violated the Gift and Loan Clause of the State Constitution (NY Const, art VIII, § 1), County Law § 224 and General Municipal Law § 103. After issue was joined, but before their application was heard, petitioners requested that Supreme Court recuse itself. Supreme Court denied the application for recusal and, on the merits, dismissed the petition. This appeal ensued.[1]

■ Initially, it is to be noted that while petitioners propound three legal theories in their pleading, it is questionable whether a CPLR article 78 proceeding properly lies or whether they have standing to maintain a traditional declaratory judgment action as the vehicle for obtaining the requested relief (see, Wein v City of New York, 47 AD2d 367, 370-371, mod on other grounds 36 NY2d 610). Because, however, petitioners have stated a valid claim for declaratory relief as a taxpayer's action pursuant to General Municipal Law § 51,[2] any procedural defects in this regard are harmless.

■ Turning to the merits, we do not believe that the challenged contract violates NY Constitution, article VIII, § 1. In general, the Gift and Loan Clause prohibits a municipality from expending money for the benefit of a private individual or concern unless the expenditure is in furtherance of a public purpose and the municipality is contractually or statutorily required to do so (see, Matter of Antonopoulou v Beame, 32

---

■ 1. Parenthetically, because the challenged contract by its terms expired on December 31, 1991, that part of the appeal challenging Supreme Court's denial of petitioners' request for injunctive relief enjoining all actions in furtherance of the contract is now moot and is dismissed as such. The remaining relief sought, i.e., recovery of the moneys paid by the County pursuant to the challenged contract, remains viable. Accordingly, we may properly address the merits of the claim (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707).

■ 2. In order to maintain a General Municipal Law § 50 action, the proponent must (1) establish his taxpayer status, and (2) allege an official act which causes waste or injury, imperils the public interest or is calculated to work public injury or to produce some public mischief (see, Matter of Korn v Gulotta, 72 NY2d 363, 371-372; Wein v City of New York, 47 AD2d 367, 370-371, mod on other grounds 36 NY2d 610, supra). Petitioners' allegations that the subject contract violated the Gift and Loan Clause of the State Constitution (NY Const, art VIII, § 1), County Law § 224 and/or the competitive bidding requirements of General Municipal Law § 103 clearly satisfy the illegal act requirement. Waste is presumed from failure to comply with the latter statute (see, Gerzof v Sweeney, 16 NY2d 206, 208). Moreover, if a violation of the constitutional provision or the asserted portions of County Law § 224 is established, the effect would be an expenditure of public moneys for which no corresponding benefit is received which likewise would constitute waste.

NY2d 126; *Murphy v Erie County,* 28 NY2d 80; *cf.,* 1987 Opns St Comp No. 87-27). A public purpose has been defined as something "necessary for the common good and general welfare of the people of the municipality, sanctioned by its citizens [and] public in character" *(Sun Print. & Publ. Assn. v Mayor of City of N. Y.,* 152 NY 257, 265; *see, Smith v Smythe,* 197 NY 457). While the presence of a private benefit does not, ipso facto, render the action invalid, a purpose whose primary benefit is private rather than public cannot stand. The stated purpose of the challenged contract is to foster and promote Warren County as a convention destination. In view of the fact that there are numerous convention sites in Warren County, the goal of convention development is in our estimation a valid public purpose because it serves the dual function of publicizing the advantages and promoting the general commercial welfare of the County *(cf.,* County Law § 224 [14]). The contract specifies with sufficient detail the types of activities that are to be carried out to meet this end, making it clear that public benefit is the primary goal of the plan.

■ Equally unpersuasive is petitioners' argument that the contract violates County Law § 224 because the contracted-for services are to be performed outside Warren County. That statute provides, in pertinent part: "The board of supervisors shall have power to contract with non-profit organizations * * * within the county * * * and * * * with non-profit organizations * * * within an adjoining county provided the services which are the subject of the contract are to be rendered within the county of such board" (County Law § 224). It is clear that the Convention Bureau falls within the former category. On its face, the statute provides no restriction on such organizations regarding where the contracted-for services are to be rendered and we decline to interpret this language as imposing an across-the-board restriction in this regard. The carrying out of a contract whose purpose is "[p]ublicizing the advantages of the county or region" (County Law § 224 [14]) by its nature requires directing the promotional and advertising functions to persons located *outside* the County. Any other interpretation would vitiate the underlying purpose of County Law § 224 (14).[3]

■ We turn now to the General Municipal Law § 103 claim.

---

3. Petitioners' argument that advance payments were made by the Board to the Convention Bureau is not supported by the record and is, in any event, without merit.

Because the development and implementation of marketing strategies calls for not only specialized skills and expertise but also such intangibles as judgment and discretion, the prudent exercise of which is very often the difference between success and failure, such services are by their nature professional and thus fall outside the realm of competitive bidding *(see,* 24 Opns St Comp, 1968, at 437-438).

Finally, we note that Supreme Court gave no rationale for its determination, either in written form or on the record, a practice this court has discouraged in the past *(see, Marine Midland Bank v Cafferty,* 174 AD2d 932, 932-933) and one which we are disturbed to see reoccur, especially in a factually and procedurally complex case such as the one at bar. Such a practice not only deprives this court of the benefit of Supreme Court's rationale, but also conveys, especially to *pro se* litigants, the impression that their efforts to studiously prepare their case were not worthy of comment. Moreover, as is reflected in petitioners' submissions before this court, it also can give the impression of bias. While the record is devoid of any proof of actual bias herein, nisi prius courts would do well to take heed of the impression their actions may convey to the public.

WEISS, P. J., YESAWICH JR., CREW III, MAHONEY and HARVEY, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by declaring the subject contract between respondents Warren County Board of Supervisors and Lake George-Warren County Convention Bureau Inc. valid, and, as so modified, affirmed.