■ GENERAL ELECTRIC CAPITAL CORPORATION, Appellant, v UNITED STATES TRUST COMPANY OF NEW YORK, Respondent. [655 NYS2d 505] —Judgment, Supreme Court, New York County (Walter Schackman, J.), entered September 7, 1995, dismissing the complaint, and bringing up for review a prior order of the

same court and Justice, entered August 25, 1995, which granted defendant's motion for summary judgment, and order, same court and Justice, entered August 16, 1996, which, insofar as appealable, denied plaintiff's motion for leave to amend, unanimously affirmed, with one bill of costs. The appeal from the order entered August 25, 1995 is unanimously dismissed as subsumed in the appeal from the aforesaid judgment.

Viewing plaintiff's proof in the most favorable light (*see, Lehrer McGovern Bovis v New York Yankees*, 207 AD2d 256, 258), its claim for negligent misrepresentation was properly dismissed. While the indenture trustee was indeed a fiduciary with respect to the noteholders (*see, Beck v Manufacturers Hanover Trust Co.*, 218 AD2d 1, 10-13), and therefore had a duty to speak with care, reliance upon its representations still had to be reasonable (*see, Kimmell v Schaefer*, 89 NY2d 257, 263). The motion court accurately assessed the circumstances in noting that plaintiff is a sophisticated institutional investor who, in the context of this highly formalized transaction involving the noteholders' right to convert their notes into common stock, could not have reasonably relied upon an alleged representation by defendant trustee that so clearly deviated from the underscored terms in the issuer's notice of redemption. Leave to amend to add a new party was properly denied in view of the prior dismissal of the complaint. We have considered plaintiff's other contentions and find them to be without merit. Concur—Rosenberger, J. P., Rubin, Williams and Andrias, JJ.