■ SOCIETE NATIONALE D'EXPLOITATION INDUSTRIELLE DES TABACS ET ALLUMETTES, Appellant, v SALOMON BROTHERS

INTERNATIONAL LIMITED, Respondent, et al., Defendants. [674 NYS2d 648] —Order, Supreme Court, New York County (Charles Ramos, J.), entered February 11, 1998, which, *inter alia*, granted defendant-respondent's motion for partial summary judgment dismissing the first cause of action for breach of fiduciary duty, the second cause of action for fraud insofar as it is based on the allegation that the subject derivative swaps were unauthorized, and the sixth cause of action insofar as it is based on the implied covenant of good faith and fair dealing, unanimously affirmed, with costs.

While we do not subscribe to the articulation of New York law in *Proctor & Gamble Co. v Bankers Trust Co.* (925 F Supp 1270, 1289), inasmuch as a confidential relationship may indeed arise between the parties to a business relationship (*see, Kimmell v Schaefer*, 89 NY2d 257, 263-264; *Wiener v Lazard Freres & Co.*, 241 AD2d 114; *Silver Assocs. v Baco Dev. Corp.*, 245 AD2d 96, 99-100; *Penato v George*, 52 AD2d 939, 942, *appeals dismissed* 42 NY2d 908), upon our own search of the record, we agree with the motion court that plaintiff's subjective claims of reliance on defendants' expertise did not give rise, under the particular circumstances herein, to a confidential relationship. We again note, in this regard, that the requisite high degree of dominance and reliance must have existed prior to the transaction giving rise to the alleged wrong, and not as a result of it (*see, Elghanian v Harvey*, 249 AD2d 206). Nor did the disparity in knowledge impose upon defendants a duty of disclosure under the circumstances (*see, supra*). We also agree with the motion court that the trades by plaintiff's treasurer were ratified by his superior, who must be conclusively presumed to have read, understood and assented to his acknowledgement of receipt of the document he signed (*see, Goldberg v Manufacturers Life Ins. Co.*, 242 AD2d 175; *Fiorentino Assocs. v Green*, 85 AD2d 419, 420; *Huang v Cheng*, 182 AD2d 600, *lv denied* 80 NY2d 760). Finally, the dismissal of a portion of the breach of contract cause of action, and the withdrawal of the remainder of that claim, necessarily required dismissal of the portion of that cause of action asserting breach of the implied covenant of good faith, there being no alleged contractual obligations left to which the good faith obligation can attach. Concur—Sullivan, J. P., Tom, Andrias and Saxe, JJ.