(November 5, 1998)

■ FRANK J. GAIDON et al., Appellants, v GUARDIAN LIFE IN-SURANCE COMPANY OF AMERICA, Respondent. [679 NYS2d 611] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered June 12, 1997, dismissing the complaint and bringing up for review an order which, in an action arising out of defendant insurer's sale to plaintiff insureds of life insurance policies utilizing the "vanishing premium" concept, granted defendant's preanswer motion to dismiss the complaint, unanimously affirmed, without costs.

Construing the subject policies in a manner that "focuses on the reasonable expectations of the average insured upon reading the policy * * .* and employing common speech" (*Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326-327), we find that the policies are unambiguous in setting forth the duration of premium payments, that the entire contract consists only of the policy and the insured's application, and that agents lack authority to change the policy or application or make promises or statements binding on defendant. Accordingly, the computer generated vanishing premium illustrations and alleged oral misrepresentations on which plaintiffs base their causes of action for breach of contract and fraud are inadmissible parol, rendering such causes of action insufficient. Moreover, in light of the express terms of the policies clearly indicating the duration of the required premium payments, plaintiffs' claimed reliance on the alleged misrepresentations and illustrations was unreasonable. Nor are there sufficient allegations of a fiduciary or confidential relationship to support the causes of action for breach of fiduciary duty, negligent misrepresentation, fraudulent concealment and imposition of a constructive trust (*see, Kimmell v Schaefer*, 89 NY2d 257, 263-264). The alleged reliance and trust necessary for a finding of such relationship are

stated in conclusory fashion (*see, Societe Nationale D'Exploitation Industrielle Des Tabacs Et Allumettes v Salomon Bros. Intl.*, 251 AD2d 137), and defendant's superior knowledge of the actuarial assumptions and the variables affecting when and whether the policy dividends would render the premiums self-liquidating, acquired as a result of its experience in selling insurance, does not create such a relationship (*see, Elghanian v Harvey*, 249 AD2d 206). In any event, even if such a relationship had arisen and given rise to a duty to speak accurately, plaintiffs' reliance still had to be reasonable (*General Elec. Capital Corp. v United States Trust Co.*, 238 AD2d 144), and, as noted, it was not. The absence of any viable tort or breach of contract claim, and the absence of any deceptive or misleading practice, preclude plaintiffs' claims for equitable relief and negligent supervision of defendant's agents, as well as their statutory causes of action under General Business Law § 349 and Insurance Law §§ 2123 and 4226. In view of the foregoing, it is unnecessary to reach the other grounds urged for affirmance. We have considered plaintiffs' other contentions and find them to be without merit. Concur—Lerner, P. J., Wallach, Rubin and Saxe, JJ.