■ JAMES M. FUREY, SR., et al., Appellants, v GUARDIAN LIFE INSURANCE COMPANY, Respondent. [689 NYS2d 208] —In an action, *inter alia,* for specific performance of an insurance contract and to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feuerstein, J.), dated March 17, 1998, which, *inter alia,* granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In 1986 and 1987 the plaintiff, James M. Furey, Sr. (hereinafter the plaintiff), purchased two life insurance policies from the defendant. The plaintiff alleges that he was induced to buy the policies based upon illustrations provided by the defendant which demonstrated the "vanishing premium" feature of these policies. The illustrations indicated that after a specified number of years no further out-of-pocket premium payment would be required from the insured, once the dividends generated by the policies reached a certain level. When the premiums did not vanish, the plaintiff commenced this action.

·It is well settled that extrinsic evidence is inadmissible to vary the terms of an unambiguous contract which purports to express the parties' entire agreement (*see, Braten v Bankers Trust Co.,* 60 NY2d 155; *Stone v Schulz,* 231 AD2d 707). Here the illustrations relied upon by the plaintiff were not made part of the insurance policies which contained an "entire contract" clause, and which further stated that premiums "are payable annually". Nor did the policies make any mention of a vanishing premium feature.

In any event, the illustrations themselves explicitly stated that the dividend rate was "not guaranteed", that "actual [future] dividends may be higher or lower" and that "premiums are due and payable in all policy years". Under these circumstances, the court properly granted the defendant's motion for summary judgment (*see, Gaidon v Guardian Life Ins. Co.,* 255 AD2d 101; *see also,* Insurance Law § 3204 [a] [1]).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Thompson, Joy and Luciano, JJ., concur.