(April 13, 2000)

■ SIDNEY C. COLE et al., Appellants, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Respondents. [707 NYS2d 56] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 1, 1998, dismissing the complaint and bringing up for review prior orders, same court and Justice, entered June 28, 1996, March 21, 1997 and April 6, 1998, which, in an action arising out of defendants' sale to plaintiffs of a life insurance policy utilizing the "vanishing premium" concept, insofar as appealed from as limited by plaintiffs' brief, dismissed plaintiffs' causes of action for breach of contract, breach of fiduciary duty, fraud, negligent misrepresentation, violation of General Business Law § 349 and unjust enrichment, and denied plaintiffs' motion to certify the cause of action for breach of contract for class action treatment, unanimously affirmed, with costs.

The IAS Court properly determined that Florida law governs the resolution of this dispute since all of the events leading up to the purchase of the policy and the subsequent events upon which the Coles claim their injuries arose occurred in Florida, therefore the concentration of contacts was in Florida (*Matter of Allstate Ins. Co. [Stolarz]*, 81 NY2d 219, 226). The viability of these causes of action is doubtful even under Florida law (*see, Force v ITT Hartford Life & Annuity Ins. Co.*, 4 F Supp 2d 843; *Parkhill v Minnesota Mut. Life Ins. Co.*, 995 F Supp 983; *but cf., Kantner v Boutin*, 624 So 2d 779, 781 [Fla]; *Englezios v Batmasian*, 593 So 2d 1077, 1078 [Fla]). All of such claims are, in any event, time-barred since any breach, fraud, misrepresentation or violation of fiduciary duty could reasonably have been discovered during the 10-day review period after delivery of the policy some five and a half years before commencement of the action. Under Florida law (*see*, CPLR 202), the contract cause of action has a five-year limitations period (*see, Levy v Travelers Ins. Co.*, 580 So 2d 190 [Fla]), and the fraud and breach of fiduciary causes of action have four-year periods (*see, Sands v Blando*, 575 So 2d 1306 [Fla]; *Behar v Sunbank/Miami*, 591 So 2d 969, 970, *review denied* 601 So 2d 551 [Fla]) measured from receipt of the policy (*see, Pearson v Manufacturer's Life Ins. Co.*, 1996 WL 939271, 1996 US Dist LEXIS 22291 [ND Fla, Oct. 2, 1996, No. Civ. A.3:96cv116 LAC]). The General Business Law § 349 cause of action is barred by the three-year limitations period in CPLR 214 (2) (*see, Avdon Capitol Corp. v Nationwide Mut. Fire Ins. Co.*, 240 AD2d 353). We have considered the extent to which, if any, the Court of Appeals' decisions in *Gaidon v Guardian Life Ins. Co.* and *Goshen v Mutual Life Ins. Co.* (94 NY2d 330) affect our disposition of the issues presented in this case; all of the causes of action of plaintiffs' complaint were properly dismissed for failure to timely commence, an issue not present in *Gaidon* or *Goshen*. Concur—Sullivan, P. J., Nardelli, Wallach, Andrias and Buckley, JJ.