■ HUDSON RIVER CLUB, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. [712 NYS2d 104] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about June 23, 1999, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 and 3212, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

In this action, plaintiff seeks to recover money it paid Consolidated Edison Company of New York, Inc. (Con Edison) for gas service it claims it did not receive. Accepting plaintiff's allegations as true, the record indicates that on August 31, 1989 plaintiff opened a gas account under the name "Hudson River Club" for a restaurant it owned at 225 Liberty Street at the World Financial Center in Manhattan (account number 43-2101-0882-0300-9). In addition to the Liberty Street account, plaintiff also maintained a second account for another restaurant it owned at 250 Vesey Street, also at the World Financial Center in Manhattan. Plaintiff listed this account under an almost identical name, that is, "Hudson River Club DBA HRC and ED MORAN."

In or about January 1992, plaintiff closed its 225 Liberty Street restaurant and surrendered possession of the premises to the landlord, who subsequently re-leased the premises to a restaurant named Sfuzzi. Plaintiff continued, however, to operate the 250 Vesey Street restaurant. It is undisputed that plaintiff did not notify Con Edison that it had ceased operating the Liberty Street restaurant and Con Edison, therefore, continued to provide service to that location.

Approximately six months later, in June 1992, a representative of Con Edison appeared at the Vesey Street location and told plaintiff's executive chef that gas service would be shut off as a result of arrears owed for account number 43-2101-0882-

0300-9. The chef immediately called plaintiff's bookkeeper. Suspecting an error, the bookkeeper telephoned Con Edison and asked a customer representative to inspect and determine whether account number 43-2101-0882-0300-9 was actually servicing the Hudson River Club Restaurant. The bookkeeper was subsequently informed that it was. In view of this, plaintiff alleges that it paid the delinquent bill.

The record contains copies of two of the bills that were sent to plaintiff by Con Edison on or about September 1, 1992, which was just two months after plaintiff's bookkeeper called Con Edison. The top portion of one bill indicates that it was for account number 43-2101-0882-0300-9 and represented the service to the "Hudson River Club Restaurant" at "225 Liberty St 2RST." The other indicates that it represented the service being provided to the "Hudson River Club DBA HRC & ED MORAN" at "250 Vesey St REST." Notwithstanding these notations, plaintiff paid the utility bills for both the Liberty Street and Vesey Street service for the next five years apparently on the mistaken assumption that both bills represented service to only Vesey Street. It was not until 1997 that plaintiff finally discovered its error and corrected the matter with Con Edison. By this time the tenant that occupied the Liberty Street location, Sfuzzi, had apparently gone bankrupt.

Having discovered its error, plaintiff commenced this action seeking to recover the sums it mistakenly paid to Con Edison. In an order dated August 26, 1998, Supreme Court dismissed the complaint (with leave to serve an amended complaint asserting a cause of action for negligent misrepresentation), concluding that an action for money mistakenly paid was not viable because defendant had detrimentally changed its position based upon plaintiff's conduct. In this regard, as plaintiff never notified Con Edison that it ceased operating the Liberty Street restaurant, Con Edison continued to provide gas service under the justified assumption that plaintiff was still the operator. Thereafter, plaintiff served an amended complaint asserting a claim that Con Edison was liable under a theory of negligent misrepresentation on the ground that Con Edison misrepresented that account number 43-2101-0882-0300-9 was servicing its restaurant. Con Edison again moved to dismiss the complaint. Supreme Court denied the motion, concluding that plaintiff had properly asserted a cause of action. We disagree.

Initially, plaintiff does not challenge Con Edison's contention that, where a customer fails to notify it of a change in ownership at a service location, the customer remains liable for the

services provided. While plaintiff acknowledges that it failed to notify Con Edison as required, it nevertheless asserts that liability can be premised upon Con Edison's purported misrepresentations. This theory does not bear scrutiny.

A claim for negligent misrepresentation can only stand where there is a special relationship of trust or confidence, which creates a duty for one party to impart correct information to another, the information given was false, and there was reasonable reliance upon the information given (*General Elec. Capital Corp. v United States Trust Co.*, 238 AD2d 144; *United Safety v Consolidated Edison Co.*, 213 AD2d 283, 285; *Delcor Labs. v Cosmair, Inc.*, 169 AD2d 639, *lv dismissed* 78 NY2d 952). Assuming, without deciding, that the necessary special relationship was present in this case, we conclude that there was no misrepresentation made by Con Edison. Moreover, even if there was a misrepresentation, there was a complete absence of reasonable reliance.

Regarding the alleged misrepresentation, as previously noted, plaintiff's bookkeeper, when he called Con Edison in June 1992, asked the Con Edison representative whether the delinquent account, namely, account number 43-2101-0882-0300-9, was servicing the "Hudson River Club Restaurant." Con Edison, in advising that it was, provided an entirely accurate response since plaintiff, when it established its account at the Liberty Street address, gave this name for purposes of billing. Not only is this fact uncontroverted but the evidence submitted by Con Edison clearly shows that the Liberty Street bill represented service to the "Hudson River Club Restaurant" while the Vesey Street bill represented service to the "Hudson River Club DBA HRC & ED MORAN."

Moreover, to the extent that there could be any confusion resulting from plaintiff's use of similar names for purposes of billing, it was incumbent upon plaintiff to correct any misapprehension. Stated simply, plaintiff's bookkeeper knew full well that both restaurants shared a common name and that the delinquent bill may have resulted from a billing error. Nonetheless, armed with this information, and knowing that plaintiff had recently ceased operations at the Liberty Street location, he still, even at this juncture, failed to advise Con Edison that plaintiff had closed the Liberty Street restaurant. Thus, if there was any confusion, it was as a result of plaintiff's own failures.

Finally, even if the Con Edison representative was negligent in its representation to plaintiff's bookkeeper, plaintiff did not reasonably rely upon such misrepresentation. What is appar-

ent is that plaintiff was presented with bills, as early as September of 1992, clearly indicating that service was being provided for two different locations, one for Liberty Street and one for Vesey Street. Nevertheless, plaintiff, which was uniquely well-situated to know the true facts, failed to make inquiry into the matter until five years later. Under these circumstances, any loss resulted from plaintiff's own failure to notify Con Edison that it was no longer the tenant at the Liberty Street address.

In view of this, dismissal of the complaint is warranted. Concur—Williams, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.