■ BOARD OF MANAGERS OF THE HIGHPOINT CONDOMINIUM, on Behalf of the Unit Owners of Highpoint Condominium, Plaintiff, v EAST/WEST VENTURE, HASEKO (40TH), INC., et al., Defendants. (And Third-Party Actions.) EAST/WEST VENTURE, HASEKO (40TH), INC., et al., Third Third-Party Plaintiffs-Appellants, v MARBRO REALTY Co., INC., et al., Third Third-Party Defendants-Respondents. [717 NYS2d 563] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about September 22, 1999, which, in a third third-party action by the sponsor of a condominium project against the general contractor, masonry subcontractor and their principal, insofar as appealed from as limited by the briefs, granted third third-party defendants' motion for summary judgment dismissing the third third-party complaint, unanimously affirmed, with costs.

The sponsor claims that the general contractor failed to disclose its close affiliation with the masonry subcontractor it had hired, namely, that both firms were owned by the same individual, and that such failure was fraudulent and a breach of fiduciary duty in that the general contractor had represented that it would hire only independent subcontractors obtained by competitive bidding. These claims were properly rejected by the IAS Court in view of the contract between the sponsor and the general contractor, which provided that nothing therein was to be construed as creating any relationship other than that of owner and independent contractor, further provided

that the general contractor was to be paid a certain stipulated amount regardless of whether it hired subcontractors or did the work itself, and did not provide that the general contractor had to obtain its subcontractors by competitive bidding or disclose the identities of the subcontractors' principals to the owner (*cf., Wiener v Lazard Freres & Co.*, 241 AD2d 114, 122). Nor did the sponsor adduce any evidence of conduct suggestive of a relationship with the general contractor that was other than at arm's length (*see, id.*). The fact that the general contractor had experience with the building prior to the sponsor's buying in and taking over the project, and otherwise had superior knowledge concerning the project, did not in and of itself create a fiduciary relationship between them (*see, Societe Nationale D'Exploitation Industrielle Des Tabacs Et Allumettes v Salomon Bros. Intl.*, 251 AD2d 137). We have considered the sponsor's other arguments and find them unavailing. Concur—Tom, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.