■ JOSEPH GIARDINO et al., Appellants, v SAMUEL L. BERANBAUM, M.D., et al., Respondents. [720 NYS2d 3] —Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about October 4, 1999, which granted defendants' motion to dismiss plaintiffs' complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

In this action, plaintiff Joseph Giardino alleges that a radiological technologist employed by defendant told him, after taking X-rays of his arm, that everything was fine and that he merely had a bruise. The technologist then advised plaintiff to take Tylenol and return to work. Relying upon this information, plaintiff allegedly delayed necessary surgical treatment for his injured bicep, a delay that rendered his injury irreparable. Supreme Court dismissed plaintiffs' complaint, concluding that, because the technologist's statement was hearsay, plaintiffs would be unable to establish their cause of action. This was error.

The statement at issue is not hearsay since plaintiffs did not seek to offer it to prove the truth of the matter asserted therein, namely, that plaintiff Joseph Giardino merely suffered from a bruised bicep (*see*, *Provenzo v Sam*, 23 NY2d 256, 261). Rather, it was offered to demonstrate that the technologist gave him advice, where, if the jury believed such advice was given, this would establish an element of plaintiffs' cause of action (*see*, *Heller v Peekskill Community Hosp.*, 198 AD2d 265). The fact that plaintiffs will seek to establish through other independent evidence that the advice given was erroneous does not convert the statement into hearsay.

Finally, although defendant alleges that the technologist was not authorized to speak on its behalf, this fact does not bar admission of the statement since it was not offered as a vicarious admission (*see generally*, Prince, Richardson on Evidence § 8-208 [Farrell 11th ed]). As correctly noted by plaintiff, the proper inquiry is whether the advice was given within the scope of the technologist's employment so as to render defendant vicariously liable for the technologist's negligence, which is a question to be resolved by a jury (*see*, *Riviello v Waldron*, 47 NY2d 297, 303). Concur—Nardelli, J. P., Mazzarelli, Lerner, Buckley and Friedman, JJ.