[733 NYS2d 753]

Raymond W. Heslin, Sr., et al., Appellants, v Metropolitan Life Insurance Company et al., Respondents.

Third Department, November 29, 2001

APPEARANCES OF COUNSEL

*Lynch & Lynch,* Albany (*Gregory W. Kehoe* of *James, Hoyner, Newcomer & Smiljanich, P. A.,* of counsel), Tampa, Florida, for appellants.

*Featherstonhaugh, Conway, Wiley & Clyne, L. L. P.,* Albany (*Douglas W. Dunham* of *Skadden, Arps, Slate, Meagher & Flom, L. L. P.,* of counsel), New York City, for respondents.

**OPINION OF THE COURT**

CARPINELLO, J.

The instant action was commenced by former and present police officers of the City of Cohoes, Albany County, and certain members of their families[1] against defendant Metropolitan Life Insurance Company and its agent, defendant Jeffrey Roberts, and is one of many lawsuits commenced by purchasers of life insurance policies who were allegedly lured into such sales by a marketing ploy commonly referred to as the "vanishing premium" (*see, e.g., Cole v Equitable Life Assur. Socy.*, 271 AD2d 271; *Furey v Guardian Life Ins. Co.*, 261 AD2d 355, *lv denied* 93 NY2d 811; *Goldberg v Manufacturers Life Ins. Co.*, 242 AD2d 175, *lv dismissed and denied* 92 NY2d 1000; *DeArman v Liberty Natl. Life Ins. Co.*, 786 So 2d 1090 [Ala]; *Banks v New York Life Ins. Co.*, 737 So 2d 1275 [La], *cert denied* 528 US 1158; *Koehler v Merrill Lynch & Co.*, 706 So 2d 1370 [Fla]; *Kortebein v American Mut. Life Ins. Co.*, 49 SW3d 79 [Tex]; *Varacallo v Massachusetts Mut. Life Ins. Co.*, 332 NJ Super 31, 752 A2d 807; *Romig v Jefferson-Pilot Life Ins. Co.*, 132 NC App 682, 513 SE2d 598, *affd* 351 NC 349, 524 SE2d 804; *Kuebler v Equitable Life Assur. Socy.*, 219 Mich App 1, 555 NW2d 496). In their second amended complaint, which contains eight causes of action (breach of fiduciary duty, fraud, fraudulent inducement, negligent supervision, conspiracy to commit fraud and violations of General Business Law § 349 and Insurance Law §§ 2123 and 4226), plaintiffs allege that they were induced into purchasing whole or universal life insurance policies based on deceptive illustrations and false representations that their policy premiums would "vanish" after a certain period of time.

At issue on appeal is the propriety of Supreme Court's decision dismissing the complaint for failure to state a cause of action. The allegations in the subject complaint make this case nearly indistinguishable from other cases that have made their way through the court system in this State in recent years, including two separate appeals to the Court of Appeals (*see, Gaidon v Guardian Life Ins. Co.*, 96 NY2d 201; *Gaidon v Guardian Life Ins. Co.*, 94 NY2d 330). Based upon our review of these cases, we conclude that dismissal of all eight causes of action was warranted and, accordingly, affirm.

*Gaidon v Guardian Life Ins. Co.* (255 AD2d 101, *mod* 94 NY2d 330), as here, was an action arising out of the defendants'

---

1. We agree with defendants' claim that plaintiffs Carol Meaker, Theresa Iachetta and Brenda Enfield do not have standing to commence this action as none purchased any of the subject policies (*see, Gaidon v Guardian Life Ins. Co.*, 272 AD2d 60, *affd* 96 NY2d 201).

sale of life insurance policies utilizing the "vanishing premium" concept and a preanswer motion to dismiss such action for failure to state a cause of action. The First Department concluded that the plaintiffs could not state a cause of action for, *inter alia*, fraud, fraudulent inducement, breach of fiduciary duty, negligent supervision or General Business Law § 349 and Insurance Law §§ 2123 and 4226 violations (*id.*, at 101-102). Similarly, in *Goshen v Mutual Life Ins. Co.* (Sup Ct, NY County, Oct. 21, 1997, Shainswit, J., *affd* 259 AD2d 360, *mod* 94 NY2d 330), the trial court found that the plaintiffs, also purchasers of life insurance policies marketed under the vanishing premium scheme, failed to state a cause of action for, *inter alia*, fraud, fraudulent inducement, negligent supervision, breach of fiduciary duty or General Business Law § 349 and Insurance Law § 4226 violations, and this decision was affirmed on appeal to the First Department. The First Department's decisions in *Gaidon* and *Goshen* were companion cases in *Gaidon v Guardian Life Ins. Co.*, (94 NY2d 330, *supra* [hereinafter *Gaidon I*]) and each was affirmed by the Court of Appeals in all respects but one, namely, the Court determined that the plaintiffs in each case *had* stated a cause of action under General Business Law § 349.

Thus, under the strength of the First Department decisions in *Gaidon* and *Goshen*, as affirmed by the Court of Appeals in *Gaidon I*, plaintiffs' causes of action here sounding in breach of fiduciary duty, fraud, fraudulent inducement, negligent supervision and Insurance Law §§ 2123 and 4226 violations were properly dismissed for failure to state a cause of action (*see, Batas v Prudential Ins. Co.*, 281 AD2d 260; *see generally, Cole v Equitable Life Assur. Socy.*, 271 AD2d 271, *supra*; *Furey v Guardian Life Ins. Co.*, 261 AD2d 355, *supra*). Moreover, since civil conspiracy does not exist as an independent cause of action, the conspiracy to commit fraud claim was also properly dismissed (*see, Pappas v Passias*, 271 AD2d 420, 421).

The remaining cause of action—defendants' alleged violation of General Business Law § 349—requires an analysis of the Court of Appeals' decision in *Gaidon v Guardian Life Ins. Co.* (96 NY2d 201, *supra* [hereinafter *Gaidon II*]). Pursuant to *Gaidon II*, it has been established that the Statute of Limitations for a General Business Law § 349 cause of action is three years and accrues when the owner of a "vanishing premium" life insurance policy is first called upon to pay an additional premium (*id.*, at 210-212). Here, even liberally construing the amended complaint, there is no allegation that any plaintiff

has reached the "vanish" date or has yet been called upon by either defendant to pay an additional premium on the subject policies. Thus, no plaintiff has sufficiently pleaded an injury. Being unpersuaded by plaintiffs' attempt to distinguish their claim from that at issue in *Gaidon II*, we find that the General Business Law § 349 claim was properly dismissed by Supreme Court as premature.[2]

MERCURE, J. P., PETERS, SPAIN and ROSE, JJ., concur.

Ordered that the order is affirmed, with costs.

---

2. Given a January 28, 2000 guarantee by Metropolitan Life to plaintiffs' attorney that no plaintiff will be required to make any additional cash premium payments beyond the "vanish date" of the respective life insurance policies so long as the "premiums are paid to the alleged 'vanish date' and if dividend values are left with the policy and available to be applied to future premium payments," it is doubtful that this claim will ever actually accrue.