■ RAYMOND W. HESLIN, SR., et al., Respondents, v METROPOLITAN LIFE INSURANCE COMPANY, Appellant. [780 NYS2d 38]—

Carpinello, J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 10, 2003 in Albany County, which, inter alia, denied defendant's motion to dismiss the complaint.

A detailed explanation of the instant dispute can be gleaned from a prior decision of this Court (*Heslin v Metropolitan Life*

*Ins. Co.,* 287 AD2d 113 [2001]). Briefly, plaintiffs alleged in that action that they were induced to purchase life insurance policies based upon defendant's false representations that their premiums would "vanish" after a certain period of time. In our prior decision, we noted that the three-year statute of limitations for a potential General Business Law § 349 claim would accrue only "when an owner of a 'vanishing premium' life insurance policy is first called upon to pay an additional premium" (*Heslin,* 287 AD2d at 115). On this basis, we upheld the dismissal of such a claim at that time because no plaintiff had yet reached the vanish date or had been called upon to pay an additional premium on any of the policies (*id.*; *see Gaidon v Guardian Life Ins. Co. of Am.,* 96 NY2d 201, 211-212 [2001]).

In April 2003, plaintiffs commenced this action, again alleging that defendant violated General Business Law § 349, but further alleging that each plaintiff has been called upon to pay premiums after the passage of their respective vanish dates. Defendant moved to dismiss asserting, among other things, a defense founded on documentary evidence (*see* CPLR 3211 [a] [1]). At issue on appeal is an order of Supreme Court denying that motion.

Defendant relies on a January 28, 2000 letter in which it unilaterally guaranteed that plaintiffs would not be required to pay premiums beyond their vanish dates. Notably, however, defendant does not dispute that plaintiffs have continued to receive premium notices for their policies even though each of their vanish dates have since passed. Defendant claims that plaintiffs themselves are solely responsible for these notices because they have elected to apply dividends to the purchase of additional insurance. In short, defendant argues that plaintiffs cannot show that any conduct on its part caused any injury to them and thus the complaint must be dismissed. In response, plaintiffs characterize this letter as a settlement offer that has been rejected by them and contend that Supreme Court correctly found that they have stated a General Business Law § 349 cause of action.

In analyzing whether the complaint should be dismissed under CPLR 3211, this Court's scope of review is limited and straightforward—we must afford the complaint a liberal construction, accept as true the facts alleged therein, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts alleged fit within any cognizable legal theory (*see Cron v Hargro Fabrics,* 91 NY2d 362, 366 [1998]; *Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). Moreover, to successfully seek dismissal of the complaint under CPLR

3211 (a) (1), defendant needed to show that the documentary evidence upon which its motion was predicated "utterly refutes plaintiff[s'] factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]; *see Leon v Martinez, supra* at 88; *Adamkiewicz v Lansing,* 288 AD2d 531, 532 [2001]; *Ozdemir v Caithness Corp.,* 285 AD2d 961, 963 [2001], *lv denied* 97 NY2d 605 [2001]; *Unadilla Silo Co. v Ernst & Young,* 234 AD2d 754, 755-756 [1996]). While defendant's January 28, 2000 letter seemingly provides a guarantee that plaintiffs will not have to pay any premiums beyond their vanish dates, both sides agree that this did not happen. Simply stated, plaintiffs allege (and defendant does not dispute) that the vanish dates have come and gone and yet they continue to receive premium notices. We find that the documentary evidence submitted by defendant is insufficient to establish the defense as a matter of law, and that plaintiffs' complaint, for pleading survival purposes, adequately alleges a General Business Law § 349 claim.

Defendant's remaining contentions, particularly its claim that plaintiffs are collaterally estopped from characterizing the January 28, 2000 letter as a settlement offer, have been reviewed and found to be unpersuasive.

Cardona, P.J., Mercure and Kane, JJ., concur. Ordered that the order is affirmed, with costs.