■ WILLIAM C. SAMUELS, Respondent, v ALEX R. FRADKOFF, Respondent, and HOWARD R. GOLDIN ASSOCIATES P.C. et al., Appellants, et al., Defendant. [832 NYS2d 499]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered July 22, 2005, which denied defendants-appellants' motion to dismiss the complaint and defendant-respondent's cross claim for indemnification or contribution, unanimously affirmed, with costs.

Plaintiff's allegations that appellants were aware that the purpose of their architectural services was for plaintiff's renovation project and that their drawings, plans and recommendations would be used by plaintiff for the project suffice to show the functional equivalent of privity and state a cause of action for negligence (*see Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 419 [1989]). A cause of action for negligent misrepresentation is stated by plaintiff's allegations that appellants submitted inaccurate work permits bearing plaintiff's forged signature (*see Hudson Riv. Club v Consolidated Edison Co. of N.Y.*, 275 AD2d 218, 220 [2000]). A cause of action for fraud is stated by plaintiff's allegations that appellants concealed that violations existed throughout the duration of the project, that construction proceeded without the

proper permits, that numerous design and construction deficiencies plagued the project, and that appellants were retained to perform certain design services that could only be performed by a licensed architect (*see John Blair Communications v Reliance Capital Group*, 157 AD2d 490, 492 [1990]; *Swersky v Dreyer & Traub*, 219 AD2d 321, 327 [1996]). Defendant-respondent's cross claim, which effectively alleges that appellants were delegated the former's responsibilities under his contract with plaintiff, states a cause of action for indemnification (*see 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 80 [1999]). The cross claim is not defeated by the fact that it arises out of defendant-respondent's written agreement with appellants, where it also claims tort liability based on appellants' negligent performance of architectural services. We have considered appellants' remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Williams, McGuire and Kavanagh, JJ.