Order, Supreme Court, New York County (Louis B. York, J.), entered May 17, 2012, which, in this personal injury action, denied defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was allegedly injured after he attempted to maneuver defendants’ lift, which weighed approximately 740 pounds, under a low-hanging pipe, in order to move it up a ramp to a location where he was scheduled to repair a security camera on defendants’ property. Given the conflicting deposition testimony *422 as to what was said and to whom, any determination would be based upon the credibility of the parties, which is to be resolved at trial, not on a motion for summary judgment (see S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 341 [1974]; Carrozzi v Gotham Meat Corp., 181 AD2d 587 [1st Dept 1992]). Indeed, a question of fact exists as to whether defendant SL Green Realty’s engineer violated a duty to impart correct information, by allegedly telling plaintiff that it was “not a big deal” to tilt the lift, and that the maneuver was done “all the time,” without telling him that at least three people were required to move the machine safely (see Heard v City of New York, 82 NY2d 66, 73-74 [1993]; Hudson Riv. Club v Consolidated Edison Co. of N.Y., 275 AD2d 218, 220 [1st Dept 2000]). Plaintiffs testimony on this point was not inadmissable hearsay, as it was not offered for the truth of the matter asserted. Rather, it was offered only as evidence that the statements were in fact made {see Giardino v Beranbaum, 279 AD2d 282 [1st Dept 2001]).
Concur—Mazzarelli, J.E, Moskowitz, DeGrasse, Feinman and Clark, JJ.