■ 88 BLUE CORP., Appellant, v STATEN BUILDERS COMPANY et al., Respondents. JERRY KOPITO et al., Counterclaim Defendants-Appellants.—Order of the Supreme Court, New York County (Beverly S. Cohen, J.), entered May 13, 1991, which, *inter alia,* granted the motion to dismiss the complaint as against defendant White & Case and denied the cross-motion of plaintiff and counterclaim defendants to dismiss the second and third counterclaims pursuant to CPLR 3016 (b) and 3211 (a) (1) and (7) unanimously reversed to the extent appealed from, as limited by appellants' briefs, on the law, the motion to dismiss the complaint as against defendant White & Case denied, and the cross-motion of plaintiff and counterclaim defendants to dismiss the second and third counterclaims granted, with costs and disbursements.

By contract dated December 28, 1989, plaintiff 88 Blue Corp. was to purchase certain improved real property on Victory Boulevard in Staten Island for 21 million dollars. Plaintiff's down payment of one million dollars was deposited with sellers' attorney, White & Case, as escrowee. The closing was to take place six months in the future, on July 2, 1990, with time being of the essence. The contract provided sellers were to make all books and records pertaining to the premises available to purchaser as of January 1, 1990 and such disclosure was made a condition precedent to purchaser's obligation to perform. While the contract contained a confidentiality provision, excepted therefrom was "(a) the Purchaser from discussing the substance of the transaction contemplated in this Agreement or any of the terms thereof with its * * * potential lenders or potential financial partners or investors". A dispute arose as to sellers' disclosure obligations; July 2, 1990 came and went without either a closing or a declaration of default. In late July, 1990, sellers gave purchaser a final opportunity to close on August 1, 1990, in response to which purchaser again maintained it had not yet had the opportu-

nity to inspect the books and records required by its prospective lender(s). Sellers declared a default and purported to cancel the contract on August 2, but thereafter offered to revive the contract, which offer purchaser rejected "[g]iven the difficult history of this matter". As authorized by the contract of sale, escrowee White & Case retained the down payment fund in the face of conflicting demands for its disposition. The escrowee thereby has chosen not to elect the alternative authorized option of depositing the down payment fund into court and thereupon, being relieved of all obligations.

Purchaser commenced this declaratory judgment and damage action, alleging sellers' breach of contract in failing to allow inspection of books and records, and seeking, *inter alia,* return of the down payment. White & Case was joined as a defendant party, exclusively in its capacity as escrow agent holding the down payment fund. Defendants-sellers asserted a mirror-image counterclaim seeking the down payment, and the two counterclaims involved in this appeal, for fraudulent and negligent misrepresentation, respectively, which seek 4.2 million dollars damages, including the alleged decline in market value of the property in the nine months this deal was pending. The counterclaims allege plaintiff and its individual principals falsely stated to sellers on December 20, 1989, prior to entry into the contract, that they had financing available to them, other than by means of syndication, sufficient to consummate the transaction, upon which statement sellers relied in forebearing from contracting to sell the property to another party at the then market price; and that the counterclaim defendants also falsely stated to sellers on June 21 and July 12 and 16, 1990 that they had obtained assurances of financing from an institutional lender, so as to be able to consummate the transaction, and needed sellers' books and records pertaining to the property to persuade potential lenders to provide that financing, upon which statements sellers relied in forebearing from terminating the contract at an earlier time than they did.

In sustaining the sufficiency of the second and third counterclaims, Supreme Court found, *inter alia,* that the alleged misrepresentations related to existing facts, not future expectations, and that such claims of fraudulent inducement were not barred by the general merger clauses of the contract of sale. The court also found the complaint failed to allege any contractual breach by the escrowee, such that no cause of action was stated against defendant White & Case.

On this CPLR 3211 (a) (1) and (7) motion addressed to the

second and third counterclaims, the documentary evidence, and indeed the counterclaim pleading itself, make it abundantly clear that sellers have no cause of action (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.06; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 636). In the context of this real estate transaction, it is evident that the alleged misrepresentations as to the availability of financing are non-actionable expressions of future expectations, not statements concerning an existing fact *(see, Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403; *Pappas v Harrow Stores,* 140 AD2d 501, 504-505). The contract of sale itself demonstrates sellers' knowledge that such financing was neither secured nor definite at the time of contract formation. Thereunder, purchaser was permitted to discuss the transaction with its *potential* lenders, financial partners or investors. As to the alleged subsequent series of misrepresentations of June and July, 1990 (which at most caused a one month delay in sellers' cancellation of the contract), the counterclaim pleading on its face suffers from a fundamental defect, a self-defeating internal contradiction. It first alleges that purchaser misrepresented it had received assurances of obtaining financing from an institutional lender, but then goes on to allege that purchaser misrepresented that it needed additional books and records to *persuade* such *potential* lenders to provide such financing. There can be no doubt the sophisticated sellers were aware purchaser and its principals spoke of, at most, the prospect of a commitment by an institutional lender to loan funds to purchaser upon the prospective lenders' future review of sellers' own books and records, not then available. We note this is not a case in which it is alleged a prospective purchaser, seeking to impress a potential seller with the sufficiency of its financial resources to consummate the contemplated transaction, submitted a false financial statement; nor is it one in which there is any allegation that the purchaser at any time misrepresented that it had obtained a written loan *commitment* from a financial institution. In proper circumstances, such alleged misrepresentations could constitute actionable misrepresentation of material existing facts.

Supreme Court also erred in dismissing the complaint against defendant White & Case, as escrowee. Such joinder insures that any judgment can be subject to prompt enforcement, without the need for further litigation *(Pomeranz v Dineen,* 114 AD2d 944; *Falk v Goodman,* 7 NY2d 87). Given that the escrowee did not exercise the option it had under the

contract of sale to deposit the down payment fund into court and thereupon to be relieved of all its obligations, it has no basis to complain of being joined, and remaining, a party defendant, exclusively in its capacity as escrowee. Concur— Sullivan, J. P., Carro, Milonas and Kupferman, JJ.