■ TIBOR SCHONFELD et al., Appellants, v RUTHERFORD THOMPSON et al., Respondents. DAVID LANDAU et al., Appellants, v RUTHERFORD THOMPSON et al., Respondents. [663 NYS2d 166] —Judgments, Supreme Court, New York County (Walter Schackman, J.), entered July 1, 1996, dismissing the complaints, and bringing up for review prior orders, entered on or about April 5, 1996, which, in unconsolidated actions for breach of contract, rescission, fraud and malpractice brought by groups of affiliated real estate partnerships and their managers against the transaction professionals involved in the partnerships' unsuccessful attempt at mortgage refinancing, granted defendants' motions to dismiss the actions for failure to state a cause of action, and order, same court and Justice, entered on or about May 10, 1996, which, insofar as appealable, denied plaintiffs' motion for renewal, unanimously affirmed, without costs.

Concerning the contract cause of action, the IAS Court correctly held that the separate written agreements involving different parties, serving different purposes and not referring to each other were not intended to be interdependent or somehow combined to form a unitary contract (*see, National Union Fire Ins. Co. v Clairmont*, 231 AD2d 239), and the alleged oral representations are barred by the parol evidence rule. Concerning the fraud cause of action, the IAS Court correctly assessed the nature of the alleged misrepresentations in finding some to be merely promissory and others merely puffery and therefore not actionable as fraud. With respect to the non-attorney and non-accountant professionals, neither nondisclosure nor negligent misrepresentation gave rise to a cause of action since there were no fiduciary or confidential relationships emanating from this arm's length business transaction (*see, Murphy v Kuhn*, 90 NY2d 266, 270), and with respect to the law and accounting firm defendants, there are no factual allegations giving rise to the inference that they had knowledge of the alleged conflicts of interest other than the one disclosed in the law firm's retainer agreement with plaintiffs. The insufficiency of the breach of contract and fraud causes of actions mandates

dismissal of the aiding and abetting, conspiracy and rescission claims. The malpractice claims were properly dismissed as conclusory, plaintiffs' assertion that their claimed losses were caused by the use of inexperienced attorneys being flatly contradicted by the unrebutted affidavit of the law firm partner who supervised their work. Moreover, the failure to achieve the results desired by plaintiffs cannot give rise to a breach of contract claim against the attorneys, which claim, in the absence of a specific promise to achieve that result, is merely redundant of the inadequate legal malpractice claim (*see, Senise v Mackasek*, 227 AD2d 184, 185). Under the circumstances, the demand for punitive damages was properly dismissed. So was the request for attorneys' fees in the absence of statutory or contractual authorization and in light of plaintiffs' lack of success on the motions. Though evidence was submitted in ostensible support of the proposed amended pleading, the IAS Court correctly found such to be insufficient to demonstrate the merit of the proposed amendment and that the new pleading failed to cure the substantive defects in the original complaint. We have considered plaintiffs' other contentions and find them to be without merit. Concur—Milonas, J. P., Rubin, Mazzarelli and Andrias, JJ.