■ PHILIP ELGHANIAN, Appellant, v PETER HARVEY et al., Respondents, et al., Defendants. [671 NYS2d 266] —Orders, Supreme Court, New York County (Ira Gammerman, J.), entered February 4, 1997 and November 13, 1997, respectively, which granted defendants-respondents' motions to dismiss the second amended complaint for failure to state a cause of action, and which denied plaintiff's motion for leave to file a third amended complaint, unanimously affirmed, without costs.

We agree with the motion court's characterization of the statements complained of as amounting to essentially little more than mere puffery, opinions of value or future expectations that do not constitute actionable fraud (*see, Schonfeld v Thompson,* 243 AD2d 343; *DH Cattle Holdings Co. v Smith,* 195 AD2d 202, 208; *88 Blue Corp. v Staten Bldrs. Co.,* 176 AD2d 536, 537), or representations of fact that should have been subjected to further scrutiny by plaintiff and therefore could not have been relied upon justifiably. Nor do any of the alleged omissions support plaintiff's claim, inasmuch as there was no fiduciary relationship giving rise to a duty to speak (*see, Mobil Oil Corp. v Joshi,* 202 AD2d 318). We note in this latter connection that the requisite relationship between the parties must have existed prior to the transaction from which the alleged wrong emanated, and not as a result of it. Moreover, it cannot be said that there was a disparity of access to relevant information such as would impose upon defendant a duty to impart such information or do so correctly in the face of a partial, deceptive disclosure (*see, Junius Constr. Corp. v Co-*

hen, 257 NY 393, 400; *Banque Arabe et Internationale D'Investissement v Maryland Natl. Bank*, 57 F3d 146, 155). In view of the inadequacy of the fraud allegations, and in the absence of allegations that defendants agreed to engage in a common scheme or plan to defraud plaintiff, the conspiracy and aiding and abetting claims are similarly deficient (*see, Truong v AT&T*, 243 AD2d 278).

The motion court correctly determined that plaintiff's claim for diminution of the value of his stock holdings in defendant Artra was a derivative cause of action belonging to that corporation and not to plaintiff individually (*see, Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424; *Abrams v Donati*, 66 NY2d 951).

Finally, leave to replead was properly denied since the proposed pleading failed to remedy the defects of the dismissed complaint. Concur—Milonas, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.