■ SANJAY C. SHETH et al., Respondents-Appellants, v NEW YORK LIFE INSURANCE COMPANY, Appellant-Respondent. [709 NYS2d 74] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 12, 1999, which granted in part and denied in part defendant's motion pursuant to CPLR 3211 to dismiss plaintiffs' first amended complaint, unanimously

modified, on the law, to grant defendant's motion to the further extent of dismissing plaintiffs' second cause of action for breach of the implied covenant of good faith and fair dealing, the fourth cause of action for deceptive trade practices, and the eighth cause of action for negligent misrepresentation, and otherwise affirmed, without costs.

The second cause of action for breach of the implied covenant of good faith and fair dealing should have been dismissed since such a claim may not be used as a substitute for a nonviable claim of breach of contract (see, *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304; *Prestige Foods v Whale Sec. Co.*, 243 AD2d 281; *Trade & Indus. Corp. [USA] v Euro Brokers Inv. Corp.*, 222 AD2d 364, 367-368). While "New York does recognize that in appropriate circumstances an obligation of good faith and fair dealing on the part of a party to a contract may be implied and, if implied will be enforced," the implied obligation "is in aid and furtherance of other terms of the agreement of the parties," but "[n]o obligation can be implied * * * which would be inconsistent with other terms of the contractual relationship" (*Murphy v American Home Prods. Corp.*, *supra*, at 304), and in the context of an at-will employment contract "it would be incongruous to say that an inference may be drawn that the employer impliedly agreed to a provision which would be destructive of his right of termination. The parties may by express agreement limit or restrict the employer's right of discharge, but to imply such a limitation from the existence of an unrestricted right would be internally inconsistent" (*supra*, at 304-305).

In addition, the court should have granted dismissal of plaintiffs' fourth cause of action, alleging deceptive business practices under General Business Law § 349. Plaintiffs do not allege that the challenged practices were directed at consumers, but, rather, only at prospective insurance agents. General Business Law article 22-a, which includes section 349, is intended to protect consumers, that is, those who purchase goods and services for personal, family or household use (see, *Cruz v NYNEX Information Resources*, 263 AD2d 285, 290). While the requirement that the challenged conduct be "consumer-oriented" may be met by a showing that the practice has a broader impact on the consumer at large (see, *Cruz v NYNEX Information Resources*, *supra*, at 290, citing *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25, 27), no such impact may be inferred from the allegations of the complaint.

Plaintiffs' eighth cause of action for negligent misrepresenta-

tion should also have been dismissed, for the same reason that the court dismissed the seventh cause of action for fraudulent misrepresentation. The purported misrepresentations relied upon by plaintiffs may not form the basis of a claim for fraudulent and/or negligent misrepresentation since they are conclusory and/or constitute mere puffery, opinions of value or future expectations (*see, Elghanian v Harvey*, 249 AD2d 206; *Schonfeld v Thompson*, 243 AD2d 343; *Bader v Siegel*, 238 AD2d 272) or are contradicted by the written agreement between the parties (*see, Prestige Foods v Whale Sec. Co., supra*, at 282; *Sanyo Elec. v Pinros & Gar Corp.*, 174 AD2d 452, 453).

The motion court correctly denied dismissal of the sixth cause of action claiming fraudulent concealment, inasmuch as defendant's alleged failure to disclose its assertedly clandestine practice of applying unacknowledged production quotas to its agents constitutes sufficient support to establish the elements of the cause of action (*see, Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421; *Swersky v Dreyer & Traub*, 219 AD2d 321, 326-327).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.