■ INTERNATIONAL FINANCE CORPORATION, Respondent, v CARRERA HOLDINGS INC. et al., Appellants. [920 NYS2d 310]—

The counterclaim alleging breach of contract was properly dismissed, since defendants failed to show the existence of an agreement with terms obligating plaintiff to manage a risk that the government of Tajikistan, where the parties' joint venture was located, might interfere with the enterprise (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589-590 [1999]; *Caniglia v Chicago Tribune-N.Y. News Syndicate*, 204 AD2d 233, 234 [1994]). Defendants' allegations, at most, demonstrated the parties' hope that plaintiff's economic participation in the joint venture would encourage stable relations with the Tajik government. Furthermore, as found by the motion court, the alleged obligation to manage country or governmental risk is ambiguous, indefinite and nonspecific, rendering it unenforceable as a matter of law (*see Freedman v Pearlman*, 271 AD2d 301, 303 [2000]).

The court also properly denied leave to amend and replead a counterclaim alleging fraudulent inducement (CPLR 3025 [b]), since the proposed amendment failed to remedy the defects which led to the counterclaim's dismissal in the first instance (*see Schonfeld v Thompson*, 243 AD2d 343, 344 [1997]). In both the original and amended counterclaims, the purportedly fraud-

ulent statements amounted to little more than expressions of hope and opinion, and related to future expectations, and hence cannot constitute actionable fraud (*id.* at 343; *Elghanian v Harvey*, 249 AD2d 206 [1998]), or were "representations of fact that should have been subjected to further scrutiny by [defendants] and therefore could not have been relied upon justifiably" (*Elghanian* at 206). Nor do the alleged omissions support defendants' fraudulent inducement counterclaim, "inasmuch as there was no fiduciary relationship giving rise to a duty to speak" (*id.*). Concur—Mazzarelli, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.