10-2254-cv
Stokes v. Lusker, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of May, two thousand eleven.

PRESENT: AMALYA L. KEARSE,
GERARD E. LYNCH,
J. CLIFFORD WALLACE,[*]
*Circuit Judges.*

_____

CHRISTIAN STOKES,

*Plaintiff-Appellant*,

v. No. 10-2254-cv

RONALD LUSKER, MARILYN KOCHER LUSKER, ANDREWS BUILDING CORP., MALLEY GROUP, ERIC MALLEY, 85-87 MERCER STREET ASSOCIATES, INC.,

*Defendants-Appellees*,

EBERT & ASSOCIATES, LLC, STEVEN EBERT,

*Defendants*.[**]

_____

————————————

[*] The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[**] The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the listing of the parties above.

FOR APPELLANT:     Joseph H. Neiman, Hackensack, NJ.

FOR APPELLEES:     Barry M. Karson, White Plains, NY, *for* Ronald Lusker and Marilyn Kocher Lusker; Bryan J. Mazzola, Cantor, Epstein & Mazzola, LLP, New York, NY, *for* Andrews Building Corp. and 85-87 Mercer Street Associates, Inc.; Philip R. Schatz, Wrobel & Schatz LLP, New York, NY, *for* Malley Group and Eric Malley.

Appeal from the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Christian Stokes, a citizen and resident of Ireland, appeals from a judgment of the district court dismissing his complaint on the motions of defendants Ronald Lusker and Marilyn Kocher Lusker ("the Luskers"), Eric Malley and the Malley Group (collectively, "Malley"), and Andrews Building Corp. and 85-87 Mercer Street Associates (collectively, "the co-op"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Unusually in the annals of New York City real estate,[1] plaintiff's complaint stems from a co-op board's *approval* of his application to purchase an apartment. In 2007, plaintiff agreed to purchase a $14 million ground-floor co-operative unit in a Manhattan apartment building, intending to rent the unit to a commercial tenant – an arrangement that Malley, a real estate broker, had allegedly assured him would be possible and lucrative. After plaintiff had signed a contract to purchase the property, agreeing to submit a completed application

---

[1] See, e.g., Sylvia Shapiro, The New York Co-op Bible 105 (2d ed. 2005) (citing examples of prominent individuals rejected by co-op boards).

2

to the co-op board, and put down a $250,000 initial deposit on the unit – but before the closing – he learned that the co-op's bylaws and the property deed would bar him from renting the unit to a commercial tenant, because the unit could be used only as an artist live-work space. Plaintiff admits that this restriction was fully disclosed in the documents referenced in the contract, and that the defendants had provided these documents to plaintiff's attorney, but that he had failed to read them.

When plaintiff failed to close on the purchase, he lost his $250,000 deposit, which the contract permitted the unit's sellers to keep as liquidated damages if plaintiff defaulted, unless that default was the result of the co-op board's rejection of his application. Plaintiff then sued nearly everyone involved in the failed transaction – the broker, Malley; the sellers, the Luskers; the attorney he had hired to help him purchase the unit, Steven Ebert, and the attorney's firm, Ebert & Associates (collectively "Ebert"); and the co-op – alleging New York state-law claims for breach of contract, unjust enrichment, negligence, fraud, and professional malpractice.

Malley and the Luskers separately moved to dismiss his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The co-op answered the complaint, and subsequently moved for a judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). The district court (McMahon, *J.*) granted the motions. See Stokes v. Lusker, No. 08 Civ. 3667, 2009 WL 612336, at *5-9 (S.D.N.Y. Mar. 4, 2009).[2]

_____

[2] The district court permitted plaintiff's malpractice claim against Ebert to go forward. Stokes, 2009 WL 612336, at *9-11. Ebert subsequently settled with plaintiff.

3

On appeal, plaintiff argues that he set forth sufficient allegations to survive the Rule 12(b)(6) and 12(c) motions. Additionally, for the first time on appeal, plaintiff suggests that the Luskers entered into an "illicit deal" with the co-op board, Appellant's Br. at 13, whereby the Luskers paid the board "money (a bribe) to approve Stokes as a member they would not otherwise approve" so that the Luskers could retain the $250,000 deposit, id. at 9-10. Plaintiff argues that by dismissing his complaint, the district court "held that the Luskers were in fact permitted to use such illicit methodology," id. at 12, and "implicitly said such actions were permissible," id. at 14.

We review a district court's grant of a Rule 12(b)(6) motion de novo, and "consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). We apply the same standard to Rule 12(c) motions. See Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). Thus, to survive a motion under either Rule, "the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id., quoting Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010).

Upon an independent and de novo review, we conclude that defendants' Rule 12(b)(6) and 12(c) motions were properly granted, for substantially the same reasons stated in the district court's memorandum and order. Plaintiff's fraud claims fail because, even assuming that defendants made oral misrepresentations to plaintiff regarding the possible uses of the unit, plaintiff cannot show that he reasonably relied on those misrepresentations. In the

4

contract, the parties expressly disclaimed reliance on oral representations, Contract ¶ 14.1, and plaintiff represented that he had "examined and is satisfied with" the relevant documents, or "accepts and assumes the risk of not having examined" them, id. ¶ 5. Furthermore, plaintiff admits that he signed the agreement without reviewing the proprietary lease or the co-op offering plan, which the sellers made available to him, and which fully disclosed the very facts he claims were misrepresented to him. The district court correctly concluded that plaintiff's pleadings and admissions revealed that "he had the means to learn about the Property's commercial use restrictions before he signed the contract . . . but he failed to take advantage of those means. After expressly assuming the risk of any consequences that flow from not having read those documents, he cannot now claim that he is a victim of fraud." Stokes, 2009 WL 612336, at *6 (emphasis omitted).

Plaintiff's negligent-misrepresentation claim against Malley fails for the same reason. Plaintiff alleged that Malley misrepresented to plaintiff that plaintiff would be able to lease the unit to a commercial tenant, and that Malley could find a commercial tenant for plaintiff after the purchase. But plaintiff cannot show that he reasonably relied on Malley's alleged misrepresentations, as the restrictions on the property were clearly described in the contractual documents that plaintiff received but did not read. Furthermore, the district court correctly concluded that Malley's alleged assurance that he could secure a commercial tenant for plaintiff is not actionable under New York law. An alleged misrepresentation cannot be "promissory or relating to future events that might never come to fruition." Hydro Investors, Inc. v. Trafalgar Power, Inc., 227 F.3d 8, 20-21 (2d Cir. 2000). Nor can it be "conclusory

5

[or] constitute mere puffery." Id. at 21, quoting Sheth v. N.Y. Life Ins. Co., 709 N.Y.S.2d 74, 75 (1st Dep't 2000).[3]

Plaintiff's breach-of-contract claim against the Luskers is equally meritless. Their retention of the $250,000 deposit after plaintiff failed to close on the property was expressly permitted by the contract. Nor did they breach any duty they owed to plaintiff, under the contract itself or the duty of fair dealing, by failing to try to persuade the board to reject plaintiff's application. As the district court noted, by signing the contract, plaintiff "committed himself to buying the Property, and assumed the risk that the Co-Op would approve him." Stokes, 2009 WL 612336, at *8.

As to plaintiff's appellate speculation that the Luskers may have bribed members of the co-op board, we need not consider arguments raised for the first time on appeal. See Bogle-Assegai v. Connecticut, 470 F.3d 498, 504 (2d Cir. 2006).[4] In any case, even if we give this waived argument consideration, plaintiff has failed to assert "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's speculation about bribes cannot "nudge[] [his] claims across the line

---

[3] The complaint does not allege that Malley violated any fiduciary duty to plaintiff. Thus, we do not address whether Malley owed plaintiff any such duty, or whether, if such a duty was owed, plaintiff would be required to show reasonable reliance on Malley's alleged misrepresentations in order to state a claim for breach.

[4] In his complaint, plaintiff did allege that the co-op board "approved the plaintiff to purchase the unit despite the fact that it knew [he] could not financially undertake the transaction. It did this in connection with [the Luskers] to allow the Sellers to fraudulently and unjustly retain plaintiff's deposit of $250,000.00." Compl. ¶ 23. Plaintiff further alleged in the complaint that the co-op "either negligently approved the purchase or upon information and belief did so in conspiracy with [the Luskers]." Id. ¶ 28. However, nowhere in the complaint did plaintiff claim that the Luskers bribed the board.

6

from conceivable to plausible." Id. Where, as here, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), quoting Fed. R. Civ. P. 8(a)(2).

Plaintiff's unjust-enrichment claim against the Luskers also fails, because the liquidated damages clause of the contract, which plaintiff admits he did not read, specifically provided that the Luskers could retain the deposit in the event plaintiff defaulted, which he admits he did. Stokes, 2009 WL 612336, at *8-9. Finally, as to plaintiff's civil conspiracy claim, the district court correctly concluded that because New York state law does not recognize an independent tort of conspiracy, and because no underlying primary tort supports plaintiff's claim, the claim fails. Id. at *6-7.

## CONCLUSION

We have considered plaintiff's other arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7