21-2837-cv
*Trustpilot Damages LLC v. Trustpilot Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand twenty-two.

Present:

> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges*.

_____

TRUSTPILOT DAMAGES LLC, *individually and on behalf of all others similarly situated*, TUMBACO INC., *individually and on behalf of all others similarly situated*, DBA QUASAR EXPEDITIONS,

> *Plaintiffs-Appellants*,

> v.                                                          21-2837-cv

TRUSTPILOT INC.,

> *Defendant-Appellee*,

TRUSTPILOT A/S,

> *Defendant*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | GREGORY A. FRANK (Marvin L. Frank, *on the brief*), Frank LLP, New York, NY |

1

For Defendant-Appellee:                     ANDREW B. KRATENSTEIN (Caroline A. Incledon, *on the brief*), McDermott Will & Emery LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed. S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Trustpilot Damages LLC [1] and Tumbaco Inc. (d/b/a Quasar Expeditions) (collectively, "Plaintiffs") appeal from the June 30, 2021, judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*) dismissing their complaint against Trustpilot Inc. ("Trustpilot").  Trustpilot is a consumer review website that offers subscriptions to businesses to allow them to access data about consumer activity and control how consumer reviews are displayed online.  Once a business acquires a subscription, that subscription automatically renews annually unless the subscriber emails Trustpilot at a particular email address with the domain "@trustpilot.com" to cancel at least 30 days before the renewal.  Before a subscriber's auto-renew date, Trustpilot allegedly sent an email reminder from an email address with the domain "@trustpilot.net."  Plaintiffs allege that Trustpilot deliberately used this different, unauthenticated domain so that the reminder email would be sorted to the subscriber's junk email folder, and that Trustpilot then made it extremely difficult to cancel for the subscribers whose subscriptions had renewed without their noticing.

Plaintiffs assert that, as a result of Trustpilot's unfair business practice, subscribers were forced into subscriptions that they no longer wanted.  They brought claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of New York General Business Law § 349 and New York General Obligations Law § 5-903 (on behalf of a New York sub-class); (4) violations of other state unfair business practice statutes (on behalf of State sub-classes); and (5) unjust enrichment.  The district court dismissed their complaint in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Plaintiffs appeal only from the dismissal of their claims for breach of the implied covenant of good faith and fair dealing, breach of contract, and violations of the New York General Business Law ("N.Y. GBL") § 349 and New York General Obligations Law ("N.Y. GOL") § 5-903.  We assume the reader's familiarity with the record.

"We review the grant of a Rule 12(b)(6) motion to dismiss de novo.  We accept the factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Estle v. Int'l Bus. Machs. Corp.*, 23 F.4th 210, 212–13 (2d Cir. 2022) (internal quotation marks omitted).

---

[1] Plaintiff Trustpilot Damages LLC was apparently formed solely for the purpose of bringing this suit.  It is the assignee of the claims of one anonymous Trustpilot subscriber.  The district court denied the motion to dismiss for lack of standing under New York's anti-champerty law—a conclusion that neither party contests on appeal.

## I.   Breach of contract

Plaintiffs first argue that Trustpilot's conduct amounts to breach of contract because the subscription agreement requires Trustpilot to send all emails from an email address with the "@trustpilot.com" domain.[2] Before the district court, Plaintiffs' counsel admitted that neither he nor his clients had copies of, or read, the subscription agreements before filing suit. Although they now acknowledge that the operative subscription agreement did not require Trustpilot to communicate from any particular email address, Plaintiffs point to other provisions of the contract requiring subscribers to contact Trustpilot at certain email addresses that used an "@trustpilot.com" domain. They argue the district court erred in declining to infer that Trustpilot had a reciprocal obligation to reach subscribers using an email address with that domain as well. We disagree. The subscription agreement explicitly lays out how subscribers must contact Trustpilot, but it indicates only that Trustpilot will send subscribers information before increasing its prices "by written notice." Joint App'x at 175 § 5.1. The contract does not require Trustpilot to send any notice via email, much less email from a specific address or an address with a specific domain. We will not read into the contract a requirement that its plain language does not support.

## II.   Breach of the covenant of good faith and fair dealing

Plaintiffs next assert that, even if Trustpilot complied with the literal terms of the contract, it breached the implied covenant of good faith and fair dealing by intentionally acting deceptively. Under New York law, all contracts impliedly include a covenant of good faith and fair dealing, which "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 98 (2d Cir. 2007) (quoting *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389 (1995)). The duty of good faith and fair dealing "is not without limits, and no obligation can be implied that would be inconsistent with other terms of the contractual relationship." *Dalton*, 87 N.Y.2d at 389.

Here, we cannot infer that Trustpilot's conduct breached the covenant of good faith and fair dealing because Plaintiffs have not established that Trustpilot had any obligation to send any reminder—much less an email reminder from any particular type of address—to subscribers before their subscriptions would automatically renew. Section 7.2 of the operative subscription agreement explains that subscribers' subscriptions automatically renew at the "then-current, standard non-discounted price" unless one party notifies the other "of its intent not to renew no less than thirty (30) days prior to the end of the then-current term." Joint App'x at 176 § 7.2. The autorenewal provision does not require Trustpilot to notify subscribers in advance that the deadline to avoid renewal is approaching.

Apparently recognizing this deficiency, Plaintiffs argue on appeal that pursuant to Section 5.1 of the operative subscription Trustpilot was obligated to provide notice of changes in its prices for the subsequent renewal terms forty-five days before the expiration of each term. Plaintiffs

---

[2] The district court concluded that the subscription agreements were integral to the complaint and relied on them in ruling on Trustpilot's motion to dismiss. Plaintiffs do not challenge that portion of the district court's ruling on appeal. We note that Plaintiffs' breach of contract argument on appeal departs substantially from the allegations in the complaint, which based the breach of contract claim on the automatic renewal itself, not the manner in which Trustpilot provided notice of the automatic renewal.

contend that by sending the challenged emails from the unauthenticated and unfamiliar domain, Trustpilot prevented plaintiffs from receiving the promised notice, violating the obligation of good faith and fair dealing.

Trustpilot's argument on this point has no grounding in its amended complaint. In connection with their contract and good faith claims, Plaintiffs alleged only that Trustpilot breached its agreement with them by renewing the subscriptions at rates greater than the prior subscriptions, when Trustpilot was not permitted by the parties' agreement to increase its rates. Plaintiffs' complaint does not challenge the timeliness or sufficiency of Trustpilot's notice, nor the manner in which it was conveyed. We decline to reverse the district court's dismissal of Plaintiffs' claims on the basis of a legal theory unsupported by the factual allegations in Plaintiffs' counseled pleadings. *See Smith v. Hogan*, 794 F.3d 249, 254-55 (2d Cir. 2015) (affirming district court's dismissal where the complaint on its face did not support alternate legal theory advanced by plaintiff).[3]

### III.        New York General Business Law § 349

New York General Business Law § 349 states that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. GBL § 349(a). The statute creates a private right of action for "any person who has been injured by reason of any violation of this section." *Id.* § 349(h). To state a claim under § 349, "[a] plaintiff must allege that: (1) the defendant's conduct was consumer-oriented; (2) the defendant's act or practice was deceptive or misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deception[.]" *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169, 176 (2021), *reargument denied*, 37 N.Y.3d 1020 (2021).

Plaintiffs' claim under § 349 fails for the same reason as its claim for violation of the covenant of good faith and fair dealing: we cannot conclude that Trustpilot's sending emails calculated to be sorted to subscribers' junk folders is deceptive if Trustpilot had no contractual or statutory obligation to send the emails, and plaintiffs had no basis to rely on receiving them.[4] As set forth above, Plaintiffs' complaint did not allege that Trustpilot violated § 349 by providing contractually required notice in a manner calculated to prevent subscribers from actually seeing it.[5]

---

[3] Moreover, Trustpilot did not request leave to amend its complaint from the district court, and did not in its briefing on appeal ask this Court to remand to allow it to amend its complaint to reflect the claim it now argues on appeal. At the end of its reply brief, Trustpilot wrote, "In the alternative, if this Court believes the District Court's stated grounds for dismissal of any claim were in error, but this Court does not wish to express any view on the claim's validity, this Court should remand to the District Court with instructions to grant Plaintiffs-Appellants leave to amend their pleading." We cannot reasonably construe this general statement as a request to remand so that it can amend its pleading to reflect the theory of liability it now argues on appeal.

[4] Below we address plaintiffs' related argument that Trustpilot violated § 349 by failing to properly meet its statutory obligation to provide notice of the impending renewal pursuant to New York General Obligations Law § 5-903.

[5] The district court alternatively held that N.Y. GBL § 349 did not apply to the subscription agreement

4

**IV.      New York General Obligations Law § 5-903**

Finally, Plaintiffs assert that the district court erred in concluding that New York General Obligations Law (N.Y. GOL) § 5-903 does not apply to the contract.  That statute states that in a "contract for service, maintenance or repair to or for any real or personal property," an autorenewal provision is unenforceable "unless the person furnishing the service, maintenance or repair, at least fifteen days and not more than thirty days" before the deadline for providing notice of non-renewal provides "written notice, served personally or by certified mail, calling the attention of that person to the existence of such provision in the contract."  N.Y. Gen. Oblig. Law § 5-903.  The law applies only to contracts relating to the service of real or personal property, not contracts like "personal services contract[s] requiring that plaintiffs provide 'consulting services.'"  *Donald Rubin, Inc. v. Schwartz*, 559 N.Y.S.2d 307, 310 (N.Y. App. Div. 1990).

The district court held that N.Y. GOL § 5-903 does not apply because the Trustpilot subscription is not a contract for the service of "real or personal property."  Plaintiffs assert that the subscription agreement does relate to personal property because one provision requires subscribers to provide Trustpilot with a list of their own customers' names and email addresses. A connection to personal property does not implicate N.Y. GOL § 5-903 where it is merely "incidental information provided for consulting and administrative services."  *Healthcare I.Q., LLC v. Tsai Chung Chao*, 986 N.Y.S.2d 42, 46 (N.Y. App. Div. 2014).  The provision of the subscription agreement on which Plaintiffs rely only requires subscribers to provide Trustpilot with any information if they enable the "Seller Review Invitation Service."  Joint App'x at 174 § 3.3.1.  Plaintiffs do not allege that they opted into this additional service.  Even if they did, the property they identify is nothing more than incidental to the central services offered in the contract.

\*      \*      \*

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

because that law applies only to "consumer-oriented" conduct, and consumers are "those who 'purchase goods and services for personal, family, or household use.'"  Spec. App'x at 15 (quoting *Sheth v. N.Y. Life Ins. Co.*, 709 N.Y.S.2d 74, 75 (N.Y. App. Div. 2000)).  Thus, the court concluded that the law does not cover business-to-business transactions.  Plaintiffs argue that the New York Court of Appeals recently rejected that conclusion in *Himmelstein*, 37 N.Y.3d at 177.  While we would be inclined to agree with Plaintiffs' perspective, we conclude that Plaintiffs have failed to state a claim even assuming that N.Y. GBL § 349 applies.